BY THE COURT.
The demurrer admits that the administrators, under an order of the Court of Probate, sold the estate now sought to be subjected to this judgment. The court had power to 227] make *such order, and no objection is made to the manner of executing the power. The sale, then, is good, and passes the estate discharged of the lien of the judgment, to the purchaser. If the judgment was a lien, the judgment creditors, under the law, had priority in the distribution of the proceeds of the sale. The plaintiff’s remedy is against the administrator if he has distributed without the authority of law, unless by his own laches he has forfeited his right. The land has gone to the purchaser as much discharged of the lien of the judgment as if it had been sold on execution upon the judgment. The proceeds are in the Court of Probate marshalled assets, and those having priority of right should there assert their claim : not assert in this court, upon land which has once been sold to satisfy this very claim. If the sale was legal, that is enough. It was a sale of the title of the intestate. A judicial sale of the very thing the plaintiff now asks this court to order sold over again, and made for the same purpose — to satisfy his debt. Can it be supposed *231 that land so sold-is within read) of the judgment for new,sale? If a legal sale has been made, there is nothing left for this judgment' -creditor to subject to his judgment.
But it is said there is no averment of a deed, in pursuance of the. sale, and therefore that the land is still subject to the judgment. If the sale be good, this court will not award execution to effect another, merely because a deed has not been made. But if new matter exist, bearing upon the question, it is the office of the replication to. set it forth; it cannot be reached on demurrer. These questions are' not, as contended, exclusively with a court of chancery. This court, ■as a court of law, will never award an execution upon a scire facias, when it appears that if the writ is issued it will be wholly unavailable to the party obtaining it. An execution should be the end of litigation; but such an one would open the door to new controversies.
The plaintiff asked and obtained leave to withdraw his demurrer, and reply, on payment of costs.
[This case afterwards went to the Supreme Court on other points; 7 O. 1st pt. 11.]